## JOHN DIVERSEY
### v.
## BYRON L. SMITH.

1. DEATH OF SOLE DEFENDANT—REVIVOR OF ACTION.—When a sole defendant dies before final judgment in the cause, the action shall not on that account abate, if it might originally have been prosecuted against the heir, devisee or executor of such defendant; but the plaintiff may suggest such death on the record and have a summons against the personal representation of such defendant, requiring him to appear and defend the action.

2. ACTIONS WHICH SURVIVE—ACTIONS TO ENFORCE PERSONAL LIABILITY OF STOCKHOLDER.—An action under the statute to enforce a personal liability against a stockholder of an insurance company, is in the nature of a penal action, and dies with the person.

ERROR to the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding. Opinion filed November 7, 1881.

Messrs. SHUFELDT & WESTOVER, for plaintiff in error.

BAILEY, J. In this case, John Diversy, a creditor of the Germania Insurance Company of Chicago, brought suit against Solomon A. Smith, a stockholder in said company, to enforce the individual liability imposed by the sixteenth section of the statute, in relation to fire insurance companies. The defendant appeared and demurred to the declaration; which demurrer being sustained, judgment was rendered in his favor for costs; and to reverse said judgment, the plaintiff has brought the record to this court by writ of error. Pending the proceedings here the defendant has died, and the plaintiff has suggested his death on the record, and sued out a *scire facias* to Byron L. Smith, his executor, requiring him to appear and defend the writ of error. Process having been served, the executor now appears and enters his motion to vacate the order substituting him as defendant in error, and to dismiss the writ as to him.

The eleventh section of chapter one of the Revised Statutes, which by section twenty-four of the same chapter is made to apply to appeals and writs of error, provides that when there

is but one defendant in an action, and he dies before final judgment, such action shall not on that account abate, if it might be originally prosecuted against the heir, devisee, executor, or administrator of such defendant; but the plaintiff may suggest such death on the record, and shall, by order of the court, have summons against such person or legal representative, requiring him to appear and defend the action, after which it may proceed as if it had been originally commenced against him.

The question presented by the motion is, whether upon the death of the defendant the action survived, or, in other words, whether it is of such a nature that it might have been originally prosecuted against the executor. Most of the difficulty which might have otherwise surrounded this question, has been removed by the recent decisions of the Supreme Court in Gulliver v. Roelle, 100 Ill., and Weidinger v. Spruance, Id. In those cases the nature of the liability imposed by the sixteenth section of the statute in relation to fire insurance companies, is elaborately and exhaustively considered, and the conclusion reached that it is a liability, not arising *ex contractu*, but imposed as a penalty for disobedience to an express mandate of the statute. It being a mere penal liability, the conculsion seems to follow necessarily that it is within the rule *actio personalis moritur cum persona*. The authorities are uniform in holding that no action lies against an executor or administrator on a penal statute. 3 Williams on Executors, 1729; 3 Redfield on Wills, 279; Comyn's Digest, Administration, B. 15; 1 Chitty's Plead. 90; Wentworth on Executors, 253–255. See, also, Hambly v. Trott, Cowper, 371; People v. Gibbs, 9 Wend. 30. The action, then, could not have been originally prosecuted against the executor, and so is not within the provisions of Sec. 11, Chap. 1, of the Revised Statutes.

The motion will be allowed and an order entered abating the writ.

Motion allowed and writ abated.